UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ST. LUKE'S HEALTH NETWORK, INC. d/b/a ST. LUKE'S UNIVERSITY HEALTH NETWORK,<br><br>Petitioner,<br><br>v.<br><br>UNITEDHEALTHCARE INSURANCE COMPANY,<br><br>Respondent. | Case No. _____ |

## PETITION TO CONFIRM ARBITRATION AWARD AND FOR ENTRY OF FINAL JUDGMENT

Pursuant to 9 U.S.C § 9 of the Federal Arbitration Act ("FAA"), Petitioner St. Luke's Health Network, Inc. ("Petitioner") respectfully files this Petition to Confirm Arbitration Award and for Entry of a Final Judgment in this matter (the "Petition"). Petitioner operates sixteen hospital campuses throughout Pennsylvania and New Jersey, including its Allentown Campus, Anderson Campus, Bethlehem Campus, Carbon Campus, Easton Campus, Geisinger St. Luke's Hospital, Grand View Campus, Lehighton Campus, Miners Campus, Monroe Campus, Orthopedic Hospital - West End Campus, Penn Foundation Campus, Quakertown Campus, Sacred Heart Campus, Upper Bucks Campus, and Warren Campus.

### I.     INTRODUCTION

1.     Petitioner filed an arbitration with the American Arbitration Association ("AAA") on August 28, 2023, to enforce its contractual entitlement to medically necessary services that Petitioner provided to members of UnitedHealthcare Insurance Company ("United") Medicare Advantage plans.

1

2. An interim arbitration hearing was held via videoconference from March 17, 2025 through March 25, 2025. On November 18, 2025, the arbitration panel issued the Partial Final Award with Findings of Fact and Conclusions of Law as to certain core issues and certain Bellwether samples (the "Award").

3. The parties' agreements contain different versions of dispute resolution provisions providing for arbitration, both using templates drafted solely by United:

   a. The first version provides, "The decision of the arbitrator(s) on the points in dispute will be binding, and judgment on the award may be entered in any court having jurisdiction thereof. The parties acknowledge that because this Agreement affects interstate commerce the Federal Arbitration Act applies." There is no purported contractual restriction in this version on filing a petition to confirm the award.

   b. The second version provides, "[J]udgment on the award may be entered under seal in any court having jurisdiction thereof, by either party . . . The decision of the arbitrator(s) on the points in dispute will be binding. The parties acknowledge that because this Agreement affects interstate commerce the Federal Arbitration Act applies." This version purports to require that any petition to confirm be filed under seal, stating: "Except as may be required by law, neither a party, including without limitation, the parties' representatives, consultants and counsel of record in the arbitration, nor an arbitrator may disclose the existence, content, or results of any arbitration hereunder, or any Confidential Arbitration Information without the prior written consent of all parties. 'Confidential Arbitration Information' means any written submissions in an arbitration by either party, discovery exchanged, evidence submitted, transcriptions or other records of hearings in the matter and any orders

and awards issued, and any reference to whether either party won, lost, prevailed, or did not prevail against the other party in any arbitration proceeding, as well as any settlement agreement related to an arbitration.  However, judgment on the award may be entered under seal in any court having jurisdiction thereof, by either party."  Petitioners believe that this gag-clause violates the legal standards providing for the public right to know what has been filed in courts absent strict standards requiring compelling reasons for documents to be under seal that do not apply here.  Nonetheless, Petitioner has endeavored to redact portions of the Award relating solely to the hospitals covered by the second version, with an unredacted version submitted in a concurrently filed motion to seal ("Motion to Seal"), because United has threatened Petitioner with adverse actions if Petitioner does not do so.  Petitioner respectfully believes the Court should deny the Motion to Seal for the reasons set forth there and here.

4. As this Court has jurisdiction to enforce the Award under the FAA and pursuant to diversity jurisdiction, Petitioner respectfully files this Petition and asks the Court to confirm the Award and enter final judgment against United, in the amount set forth in the Award, plus applicable post-judgment interest, court costs, court fees, and additional amounts recoverable in connection with this petition.

## II.      PARTIES, JURISDICTION, AND VENUE

5. Petitioner is a non-profit, regional, fully integrated, nationally recognized network providing services at 16 campuses and more than 350 sites in Lehigh, Northampton, Carbon, Schuylkill, Bucks, Montgomery, Berks, Monroe and Luzerne counties in Pennsylvania and Warren and Hunterdon counties in New Jersey.  Petitioner's mission is to care for the sick and injured

regardless of their ability to pay, improve their communities' overall health, and educate healthcare professionals.  Petitioner is the greater Lehigh Valley's largest employer, with over 23,000 employees.  Petitioner has 2,500 physicians & advanced practitioners representing more than 100 specialties, is a Top 100 major teaching hospital with a medical school, nursing school, over 50 accredited graduate medical education programs and over 500 residents and fellows.  Petitioner has around 110,000 annual admissions and observations, 420,000 annual emergency room visits, 8 trauma centers, and 2,250 volunteers.

6. Defendant United is a for-profit insurer that, among other things, operates various Medicare Advantage plans through its contract with the federal Centers for Medicare & Medicaid Services ("CMS").  United is a Minnesota corporation with its principal place of business in Minnesota.  United is part of United Health Group, the largest health plan in the nation, reporting 2024 annual revenues exceeding $400 billion and net income exceeding $14 billion, and ranked No. 3 on the 2024 Fortune 500 list, above nearly every other publicly traded stock company in the nation.

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because Petitioner and Respondent are citizens of different States and the amount in controversy exceeds the sum or value of $75,000.

8. Venue is proper in this Court under 9 U.S.C § 9 because petitions to confirm awards may be filed either in the district where the arbitration took place or in any district appropriate under the general venue statute, 28 U.S.C. § 1391.  Here, the agreements between the parties specified the award could be confirmed in any court having jurisdiction, and venue is appropriate in the Eastern District of Pennsylvania because Petitioner operates campuses in and around the Eastern District.

4

### III.   BACKGROUND

9.   Petitioner and United entered four relevant Facility Participation Agreements. The first Agreement was entered effective on July 1, 2013, and Article VII of the Agreement contains an arbitration provision, which states:

> If the parties are unable to resolve any such Dispute within 60 days following the date one party sent written notice of the Dispute to the other party, and if either party wishes to pursue the Dispute, it shall thereafter be submitted to binding arbitration before a panel of three arbitrators in accordance with the Commercial Dispute Procedures of the American Arbitration Association, as they may be amended from time to time (see http_www.adr.org). Unless otherwise agreed to in writing by the parties, the party wishing to pursue the Dispute must initiate the arbitration within one year after the date on which notice of the Dispute was given or shall be deemed to have waived its right to pursue the dispute in any forum.

The second Agreement was entered effective on April 1, 2016, and Article VII of the Agreement contains an arbitration provision, which states:

> If the parties are unable to resolve any such Dispute within 60 days following the date one party sent written notice of the Dispute to the other party, and if either party wishes to pursue the Dispute, it may do so by submitting the Dispute to binding arbitration conducted by JAMS, Inc. before a panel of three arbitrators in accordance with the JAMS Comprehensive Arbitration Rules & Procedures (see http://www.jamsadr.com), except that, in any case, a panel of three arbitrators will be used. Unless otherwise agreed to in writing by the parties, if the party wishing to pursue the Dispute does not initiate the arbitration within one year after the date on which notice of the Dispute was given, it will have waived its right to pursue the Dispute in any forum.

The third and fourth Agreements, respectively, were effective on December 1, 2018, and March 1, 2020, and Article VII contains an arbitration provision, which states:

> If the parties are unable to resolve any such Dispute within 60 days following the date one party sent written notice of the Dispute to the other party, and if either party wishes to pursue the Dispute, it may do so only by submitting the Dispute to binding arbitration conducted by the American Arbitration Association ("AAA") in accordance with the AAA Healthcare Payor Provider Arbitration Rules, as they may be amended from time to time (see http://www.adr.org ), except that, in any case involving a Dispute in which a party seeks an award of $1,000,000 or greater or seeks termination of this Agreement, a panel of three arbitrators will be used; a single arbitrator cannot award $1,000,000 or more or order that this Agreement is terminated. The arbitrator(s) will be selected from the AAA National Healthcare Roster (as described in the AAA Healthcare Payor Provider Arbitration Rules) or the AAA's National Roster of Arbitrators (as described the AAA Commercial Arbitration Rules and Mediation Procedures). Unless otherwise agreed to in writing by the parties, if the party wishing to pursue the Dispute does not initiate the arbitration within one year after the date on which written notice of the Dispute was given, or, for Disputes subject to the procedures or processes described in the previous paragraph, within one year after the completion of the applicable procedure or process, it will have waived its right to pursue the Dispute in any forum.

10. This dispute arose out of United's failure to pay Petitioner correctly for medically necessary inpatient hospital care that Petitioner provided to United's Medicare Advantage plan members.

11. Specifically, United breached its legal and contractual obligations to Petitioner by failing to adhere to CMS's Two Midnight Rule, codified at 42 C.F.R. § 412.3(d)(1). By failing to follow the Two Midnight Rule, United failed to pay Petitioner the contractually agreed-upon inpatient rates for the hospital care provided to United's members.

12. The agreements governing United's payment obligations to Petitioner use Medicare rates as the basis for the relevant Medicare Advantage contract rates.

### IV.     ARBITRATION AND AWARD

13. On August 28, 2023, Petitioner filed an arbitration demand with the AAA that included all of the above-referenced contracts.

14. In March of 2025, the several days of evidentiary hearing were conducted in accordance with the Commercial Rules of the AAA before a panel of three arbitrators.

15. On November 18, 2025, the arbitration panel issued the Award, attached hereto as **Exhibit A.** The Award is in favor of Petitioner in the amount stated in the Award.[1]

16. The arbitration panel's Award was made pursuant to and conforms in all material respects with the parties' agreements.

17. There are no grounds for vacating, modifying, or correcting the Award, as enumerated in 9 U.S.C. §§ 10-11, 42 Pa. Cons. Stat. § 7341, or N.J. Rev. Stat. §§ 2A:23B-23, 2A:23B-24. The parties had extensive opportunity to develop and present evidence and to make legal arguments to the panel of arbitrators.

18. The Award was not obtained as a result of corruption, fraud, or undue means, nor did the arbitrators commit any misconduct.

19. Petitioner brings this Petition to confirm the arbitration panel's Award and to have judgment entered against United in the amount set forth in the Award as of November 18, 2025, plus post-judgment interest at the statutory rate from the date judgment is entered until the date of payment, and any court costs, court fees, and other amounts available under applicable law in connection with the Petition. For the Court's convenience, a proposed order is attached as **Exhibit B.**

WHEREFORE, Petitioner respectfully requests that this Court:

---

[1] The precise amount is not stated here because a portion of the award relates to bills for services covered by the contracts that United argues require sealing. An unredacted version of the award is attached to the concurrently filed Motion to Seal. If the Court denies the Motion to Seal, as Petitioner believes should occur, then the amount of the Award should become public record.

1. Confirm the arbitration panel's Award and enter a judgment in favor of Petitioner in the amount set forth in the Award as of November 18, 2025, plus post-judgment interest at the appropriate statutory rate from the date judgment is entered until the date of payment; and

2. Award Petitioner such other relief as the Court deems just and proper.

Respectfully submitted this 21st day of November 2025.

*/s/ Amy L. Adovasio*
Amy L. Adovasio
**KING & SPALDING LLP**
1700 Pennsylvania Ave, NW
Washington, D.C. 20006
Telephone: (202) 626-9269
Email: aadovasio@kslaw.com

*Counsel for Petitioner*
